# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| FROSTY VALLEY COUNTRY CLUB INC. a/k/a FROSTY VALLEY COUNTRY CLUB a/k/a FROSTY VALLEY COUNTRY CLUB, LLC,<br><br>    Plaintiff,<br>  v.<br><br>INTEGRITY GOLF COMPANY, LLC, EUGENE J. GARROTE, and IGC-FROSTY VALLEY COUNTRY CLUB, LLC,<br><br>    Defendants. | No. 4:17-CV-02138<br><br>(Judge Brann) |

**MEMORANDUM OPINION**

**JUNE 27, 2018**

Before the Court for disposition is Plaintiff Frosty Valley Country Club, Inc.'s Motion for Remand. For the following reason, this Motion will be granted and this case remanded to the Court of Common Pleas of Montour County, Pennsylvania.

**I.   BACKGROUND**

Plaintiff Frosty Valley Country Club, Inc. ("Plaintiff") brings this suit alleging (1) fraud against Defendant Eugene Garrote ("Defendant Garrote"); (2) breach of contract against Defendant IGC-Frosty Valley Country Club, LLC ("Defendant IGC-Frosty Valley"); (3) piercing the corporate veil against

- 1 -

Defendants Garrote and Integrity Golf Company, LLC ("Defendant Integrity Golf"), and (4) civil conspiracy against all Defendants.[1] The relevant factual underpinning of these claims is as follows.

Plaintiff Frosty Valley Country Club, Inc. is a country club located in Danville, Pennsylvania.[2] In 2015, Plaintiff explored the possibility of hiring a qualified and experienced golf-club management company.[3] Thereafter, based on numerous representations by Defendant Eugene Garrote, the managing member of Defendant Integrity Golf, LLC, Plaintiff entered into a Lease Agreement dated September 21, 2015 with Defendant IGC-Frosty Valley.[4] While not directly pertinent to the disposition of the Motion to Remand, Plaintiff alleges, *inter alia*, that IGC-Frosty Valley subsequently breached this Lease Agreement by (1) failing to pay lease fees to Plaintiff, real estate property taxes, and sales and use taxes on behalf of the Club, and expenses of the Club; (2) failing to establish and fund the Reserve for Capital Improvements, and (3) unilaterally terminating the Lease Agreement well prior to the expiration of its 10-year term.[5] Plaintiff also alleges that Defendant Garrote is liable for fraud and misrepresentations associated with

---

[1] Compl. (ECF No. 1-1).
[2] *Id.* ¶¶ 8–10.
[3] *Id.* ¶ 11.
[4] *Id.* ¶¶ 15-21.
[5] *Id.* ¶¶ 86–87.

Defendant Integrity Golf's operation and management of the Club.[6] Finally, Plaintiff lodges a civil conspiracy claim against all Defendants.[7]

This action, commenced in the Court of Common Pleas of Montour County, Pennsylvania was timely removed to this Court on November 20, 2017.[8] Shortly thereafter, Defendants filed a Motion to Dismiss for failure to state a claim.[9] Plaintiff followed by filing a Motion to Remand to the Court of Common Pleas of Montour County.[10] The basis for this Motion is a forum selection clause in the Lease Agreement between Plaintiff and Defendant IGC-Frosty Valley which Plaintiff argues prevents removal of this action.[11] This forum selection clause, Section 17.9 of the Lease Agreement, provides as follows:

> The venue of any suit or proceeding brought for the enforcement of or otherwise with respect to this Lease shall always be lodged in the State Courts of the Pennsylvania Judicial Circuit in and for Montour County, Pennsylvania; or if the Circuit Court does not have jurisdiction, then before the United States District Court for the District of Pennsylvania (_____ Division); or if neither of such courts shall have jurisdiction, then before any other court sitting in Montour County, Pennsylvania, having subject matter jurisdiction, regardless of whether, under any applicable principle of law, venue may also be properly lodged in the courts of any other federal, state or county jurisdiction. . . .

---

[6] *Id.* ¶¶ 12–54, 74–83.

[7] *Id.* ¶¶ 96–102.

[8] ECF No. 1.

[9] ECF No. 3.

[10] ECF No. 7.

[11] *Id.* By consent of the parties, briefing on the Motion to dismiss has been stayed pending resolution of this motion for remand. *See* ECF No. 9.

This motion to remand has since been fully briefed and is now ripe for disposition.[12]

## II. LAW

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants." However, if before the entry of final judgment, it appears that the district court lacks subject matter jurisdiction over the matter, that case must be remanded to the state court.[13] When faced with a motion for remand, "the party asserting federal jurisdiction . . . bears the burden of showing, at all stages of the litigation, that the case is properly before the federal court,"[14] and "any doubt about the right of removal requires resolution in favor of remand."[15]

## III. ANALYSIS

### A. Whether Remand is Appropriate Because a Forum Selection Clause Divests this Court of Subject Matter Jurisdiction

The threshold question in this matter concerns whether remand is necessary because this Court lacks subject matter jurisdiction pursuant to a forum selection clause contained within the Lease Agreement between Plaintiff and Defendant

---

[12] ECF Nos. 10, 11, & 13.

[13] 28 U.S.C. § 1447(c).

[14] *Federico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (Aldisert, J.)

[15] *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009).

IGC-Frosty Valley. The Notice of Removal in this case stipulates, and the parties agree, that this Court's jurisdiction is based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a), 1441, & 1446.[16] Removal of an action to federal court under 28 U.S.C. § 1446 based on diversity jurisdiction ordinarily requires all defendants to give consent.[17] Indeed, "[u]nder this 'rule of unanimity,' all defendants must join in the notice of removal or otherwise consent to the removal within the thirty-day period set forth in Section 1446(b) in order to perfect removal."[18] A defendant may however contractually waive his right to remove an action brought in state court.[19] A contractual waiver of the right to remove exists where a valid and enforceable forum selection clause excludes federal jurisdiction.[20]

Here, the Defendants argue that the forum selection clause at issue does not prohibit removal of this action, but rather precludes the parties from filing suit in federal court.[21] Indeed, in the absence of any intimation that this clause is unreasonable or not mandatory, they argue that, because the term "lodged" means

---

[16] ECF No. 1 ¶ 5; *see also* ECF No. 10 at 4.

[17] *Ogletree v. Barnes*, 851 F.Supp. 184, 186 (E.D. Pa. 1994) (citing *Gableman v. Peoria, D. & E. Ry. Co.*, 179 U.S. 335, 337 (1900); *Chicago, R.I. & P. Ry. Co. v. Martin*, 178 U.S. 245 (1900)).

[18] *Id.*

[19] *New Jersey v. Merrill Lynch & Co., Inc.*, 640 F.3d 545, 547–548 (3d Cir. 2011).

[20] *Id.* at 550.

[21] ECF No. 11, at 5.

"to file" or "commence" a lawsuit, the plain meaning of the forum selection clause does not prohibit Defendant IGC-Frosty Valley from consenting to removal following the proper commencement of the action in Montour County court.[22] To support this argument, Defendants attempt to factually distinguish the cases cited by Plaintiff and the underlying language of the forum selection clauses at issue therein.[23]

To determine whether a party has contractually waived the right to remove an action to federal court, a court should "'simply . . . use[e] the same benchmarks of construction and, if applicable, interpretation as it employs in resolving all preliminary contractual questions.' "[24] A court should "look to the 'plain and ordinary meaning' of the forum selection clause to determine whether it amounted to a waiver of the right to remove."[25] Here, I find that the plain language of forum selection clause forecloses the removal of this action. Indeed, while I recognize the argument made by Defendants, acceptance of this argument would contradict

---

[22] Although not contested by the parties, I note that the Third Circuit has not directly considered a removal/forum selection situation where, as here with Defendant IGC-Frosty Valley, not all of the defendants have waived the ability to consent to removal. Nevertheless, other courts have addressed this issue and have held that unanimity of consent is impossible where **any** defendant has waived the right to consent through a forum selection clause. *See Rite Aid Hdqtrs. Corp. v. Crayton Landscaping and Bldg. Maintenance, Inc.*, No. 12-cv-5775, 2013 WL 3993728, at *3 (E.D.Pa. Aug. 6, 2013)(citing *Cattleman's Choice Loomix, LLC v. Heim*, No. 11-cv-446, 2011 WL 1884720, at *3 (D.Colo. May 18, 2011); *Insight Holding Grp., LLC v. Sitnasuak Native Corp.*, 685 F.Supp.2d 582, 589–90 (E.D.Va. 2010)).

[23] ECF No. 11, at 6–7.

[24] *Merrill Lynch*, 640 F.3d at 548 (quoting *Foster*, 933 F.2d at 1217 n.15).

[25] *Id.* (citing *Buono Sales, Inc. v. Chrysler Motors Corp.*, 449 F.2d 715, 721 (3d Cir. 1971)).

the self-evident purpose of this forum-selection clause. Further, the case law cited by Plaintiff dispelling this argument is highly persuasive.

For example, in *Karl Koch Erecting Co. v. New York Convention Center Development Corporation*, the United States Court of Appeals for the Second Circuit held that a similar forum selection clause which stated that "[n]o action or proceeding shall be commenced ... except in the Supreme Court of the State of New York, County of New York," meant that an action brought in that court could not properly be removed to federal court.[26] Discussing the clause's inclusion of the term "commence[ment]," the Second Circuit stated that:

> We believe that the only plausible construction of the pertinent phrase is that Koch's removal constitutes the commencement of a 'proceeding' in federal court. Indeed, the parties' inclusion of the forum-selection clause makes little sense unless it precludes removal by Koch.[27]

Other courts presented with Defendant IGC-Frosty Valley's reading of a forum selection clause have followed the reasoning of *Koch*, and I join that chorus today.[28] It would be contrary to the plain meaning of the Lease Agreement's forum selection clause to prevent the suit's commencement in this forum, but

---

[26] 838 F.2d 656, 659 (2d Cir. 1988).

[27] *Id.* at 659.

[28] *See, e.g., Rockwood Cas. Ins. Co. v. Ranger Coal Holdings*, LLC, No. 13-cv-262, 2014 WL 1572545, at *3 n.4 (W.D.Pa. Apr. 17, 2014)("Indeed, the Second Circuit reached this conclusion after interpreting nearly identical language to that found in the Insurance Agreement, finding that the forum selection language need not "literally preclude removal" and can implicitly do so under the circumstances."); *Rochester City Sch. Dist. v. Aramark Educational Services,* LLC, 292 F.Supp.3d 595, 600 (W.D.N.Y. 2017).

ultimately allow its removal here days later. Plaintiff's Motion is therefore granted.

### B. Whether Plaintiff Should Be Awarded Attorney's Fees and Expenses Incurred as a Result of Removal

In addition to moving for remand, Plaintiff seeks attorney's fees, expenses, and costs associated with the removal. The remand statute, Title 28 of the United States Code at Section 1447(c), allows for "payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."[29] The District Court, however, has discretion whether or not to award these fees.[30] Cabining that discretion, however, is a "reasonableness of the removal" standard.[31] I note that the Supreme Court has stated that "[a]bsent unusual circumstances, courts may award attorney's fees under Section 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."[32] Here, while I have determined that the forum selection clause in this case prevents this Court from exercising subject matter jurisdiction, I nevertheless find that Defendants had an objectively reasonable basis for removing the action to federal court. Plaintiff's Motion with respect to attorneys' fees, costs, and expenses is accordingly denied.

---

[29] 28 U.S.C. § 1447(c).

[30] *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 139 (2005).

[31] *Id.* at 141.

[32] *Id.*

## IV. CONCLUSION

Based on the above reasoning, Plaintiff Frosty Valley Country Club's Motion to Remand is granted. This case is hereby remanded to the Court of Common Pleas of Montour County, Pennsylvania.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge